IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TIA JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CASE No. 2:17-cv-02937-JTF-dkv |
| | ) |
| SANTANDER CONSUMER USA, and | ) |
| CFAM FINANCIAL SERVICES, LLC, | ) |
| | ) |
|     Defendants. | ) |

ORDER ADOPTING THE CHIEF MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND ORDER OF DISMISSAL

Before the Court is Defendant Santander Consumer USA Inc.'s Rule 12(b)(6) Motion to Dismiss that was filed on March 2, 2018. (ECF No. 19). On March 21, 2018, Johnson proceeding *pro se* filed a response to which Santander filed a reply on April 4, 2018. (ECF Nos. 20 & 21.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter was referred to the Chief Magistrate Judge for screening and the administration of all pretrial matters. On February 9, 2018, the Chief Magistrate Judge issued a report and recommendation that the Court grant Defendant's Rule 12(b)(2) motion to refer the case back to the U.S. Bankruptcy Court and deny as moot the 12(b)(6) motion to dismiss. (ECF Nos. 7, 10 & 14). After notice by Santander that Plaintiff's bankruptcy case was dismissed on February 16, 2018, the Chief Magistrate Judge issued a second and superseding report and recommendation on April 6, 2018. (ECF Nos. 18 & 18-1.)[1] To date, Plaintiff has not filed any objections within the fourteen days allowed in accordance with Fed. R. Civ. P. 72(b)(2). For the following reasons, the undersigned Court finds that the

---
[1] *In re Tia Lashun Johnson*, Debtor, Bk Court No. 17-30689-L

1

Chief Magistrate Judge's report and recommendation should be adopted in full and the case dismissed with prejudice.

## II. STANDARD OF REVIEW

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). When a Magistrate Judge "submit[s] to a judge of the [district] court proposed findings of fact and recommendations," "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(B)-(C). Courts are unwilling to abrogate basic pleading standards in *pro se* actions. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (*per curiam*); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied*, (Jan. 19. 1990). While *pro se* litigants are not held to the same standard as licensed attorneys, it is not the role of the court to speculate about the nature of their claims. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) and *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

The Court may accept, reject, or modify, in whole or in part, any findings or recommendations made by a Magistrate Judge. *Id.* A Court need not review any portion of the recommendation to which a plaintiff does not specifically object and should adopt the findings and rulings of a Magistrate Judge to which a specific objection is not filed. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985) and *Brown*, 47 F.Supp.3d at 674.

## III. FINDINGS OF FACT

In her report and recommendation, the Chief Magistrate Judge sufficiently summarizes that this action arises from Plaintiff's purchase of a 2007 Chevrolet Tahoe from CarMax on or about September 17, 2012. Plaintiff now attempts to set aside the transaction based on several

alleged violations. (ECF 23-1 3-5.) Specifically, Plaintiff asserts that Defendants committed various violations of the Truth in Lending Act ("TILA"), Regulation Z, the Odometer Act, Fraud and Misrepresentation *via* the "deceptive use of a salesperson." Plaintiff also asserts that her self-produced promissory note, FTJB00002, discharged the debt. After review, the Court adopts the Chief Magistrate Judge's proposed findings of facts as the factual history of this case. See *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980) (In applying the *de novo* standard, Congress afforded the district judge sound discretion to rely on the Magistrate Judge's proposed findings and determinations.)

### IV. ANALYSIS

#### A. *The Statute of Limitations Bars*

The Chief Magistrate Judge initially recommends dismissal of Counts III, IV, V, VII and IX as barred by the applicable statutes of limitations for these claims. Plaintiff reportedly purchased the automobile on September 17, 2012 and subsequently filed her complaint in this case on December 28, 2017, over five years later. The Chief Magistrate Judge concluded that Plaintiff's TILA and Regulation Z claims are governed by the one year statute of limitations in 15 U.S.C. § 1640(e). Therefore, she recommends dismissal of the TILA and Regulation Z claims in Counts III, V, and VII, as untimely filed. Upon a *de novo* review, the claims are clearly barred by the §1640(e) provision which indicates that ". . . any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." *Purtle v. Eldridge Auto Sales, Inc.,* 91 F.3d 797, 800 (6th Cir. 1996).

Similarly, the Chief Magistrate Judge properly recommends dismissal of Count IV of Plaintiff's complaint based on the three year statute of limitations. The Court liberally construes

3

Count IV as a purported claim of fraud and misrepresentation against Santander for receiving a down payment from Plaintiff for the vehicle and including that amount in the total purchase amount. Pursuant to Tenn. Code Ann. §§ 28-3-105(1) and (2), actions for injuries to persons or real property and an action for the conversion of personal property must be commenced within three years of the accruing event(s). Therefore, Plaintiff's conversion claim is also barred by the statute of limitations.

In her report and recommendation, the Chief Magistrate Judge correctly concludes that Plaintiff's claim in Count IX, for Defendant's failure to provide a written odometer disclosure is untimely and as such, should also be dismissed. A claim arising under the Odometer Act must be filed no later than 2 years after the claim accrues. *See* 29 U.S.C. § 32710(b) and *Scherber v. Online Auctions, LLC*, No.3:13CV530, 2014 WL 3908114 at *2 (N.D. Ohio July 3, 2014). Therefore, this claim is also time barred.

### B. *Does Plaintiff's Promissory Note Discharge the Debt?*

The Chief Magistrate Judge recommends dismissal of Plaintiff's assertion that the tender of a non-legal promissory note discharged Plaintiff's debt for the automobile purchase, Counts I and VII, as frivolous. The Court agrees. A borrower may not absolve an obligation by attempting to offer to pay the Defendant in a form other than U.S. currency. *Sopp v. Deutsche Bank Nat. Trust Co.*, No. 2:14-cv-01223, 2015 WL 136239 at *3 (S.D. Ohio 2015) and *Marvin v. Capital One*, No. 1:15-cv-1310, 2016 WL 4548382 at *4 (W.D. Mich. Aug.16, 2016)(rejecting conspiracy theories that "international" promissory notes are not legal tender and may not discharge a mortgage or other debt.) Thus, Counts 1 and VII should also be dismissed.

### C. *FDCPA Claims- Count X*

Count X in Paragraph Five, or the second Count X, of Plaintiff's complaint asserts a Fair

4

Debt Collection Practice Act ("FDCPA") claim for Santander's failure to validate the debt in response to her "notice of dispute debt" dated November 14, 2017. (ECF No. 1, 10 ¶ 5.) The Chief Magistrate Judge concluded that this claim lacks merit for purposes of the FDCPA, as Santander does not qualify as a debt collector under 15 U.S.C. § 1692a (4), (6). At the time of Johnson's purchase of the Tahoe from CarMax and before her default on the note, Santander owned and serviced the debt that was directly owed to Santander. Secondly, at the time of the default, Santander no longer owned the loan as the contract had been sold to CFAM in September 2017. Accordingly, any responses owed to her written requests for debt validation should have been addressed to CFAM. *See Henson v. Santander Consumer USA, Inc*., 137 S.Ct. 1718, 1723 (2017) (under 15 U.S.C. § 1692a(4), a debt collector is a creditor to whom the debt is owed). Therefore, the Chief Magistrate Judge correctly concludes that this claim lacks merit and should be dismissed.

### D. *The Fraud and Misrepresentation Claims-Count II*

The report and recommendation concludes that the alleged fraud and misrepresentation claims in Count II should be dismissed pursuant to Fed. Civ. P. 9 and Fed. Rule Civ. P 12(b)(6). The Chief Magistrate Judge finds this portion of Plaintiff's complaint fails to meet the heightened Rule 9 pleading standard; lacks any specific facts to support these claims; does not identify any misleading or fraudulent statements; or name the party or parties who allegedly made them. The Court agrees. Even liberally construing the complaint, Count II falls short of satisfying any of the five elements needed to establish a fraud claim. *Thompson v. Bank of America*, 773 F.3d 741, 752 (6th Cir. 2014) and *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 361 (6th Cir. 2001).

### E. *Claim of Consumer Confidential Data Violation – Count VI*

Regarding Count VI, the Chief Magistrate Judge simply recommends dismissal of this Count as lacking enough information to provide adequate notice to Santander of the actual claim alleged. The Court agrees. Without more, Plaintiff merely provides that "[t]he defendant disclosed to plaintiff information and did have the consent of plaintiff to electronically pass plaintiff information to defendant CFAM Financial Services another banking institution." (ECF No. 1, 7). The Court assumes that Plaintiff attempted to aver that *without* her consent, some of her private data was shared by Santander to CFAM. The Court cannot create a claim that has not been spelled out in a *pro se* party's pleading. *Brown v. Matauszak,* 415 F. App'x 608, 613 (6th Cir. 2011). Thus, Count VI should also be dismissed.

### F. *Violation of Ultra Vires Claim – Count X*

In the report and recommendation, the Chief Magistrate Judge concludes that Plaintiff's claim that the Retail Installment Contract violated the doctrine of *ultra vires* is without merit and should be dismissed. She suggests that because the Retail Installment contract was between Johnson and seller CarMax, Plaintiff's arguments regarding Defendants Santander and CFAM fail a matter of law. The Defendants in this action were not parties to the original contract and as such, did not contract or attempt to contract beyond their respective authority. *Johnson v. Villages of Bennington Property Owners Conservancy*, No. 2:17-cv-02260-JTF-egb, 2018 WL 555250, at *3 (W.D. Tenn. Jan. 25, 2018).

### G. *Joint Claims Against CFAM – Counts II and X*

The Court agrees that Plaintiff indirectly alleges claims in Counts II and X against both of the named Defendants. As such, the Court incorporates the discussion above in reference to Santander as equally applicable to CFAM. The Court finds for the same reason, the claims of

fraud, misrepresentation and FDCPA violations should be dismissed.

## CONCLUSION

Upon a *de novo* review of the report and recommendation, the Court finds that the Chief Magistrate Judge properly recommended *sua sponte* dismissal of this case pursuant to 28 U.S.C. § 1915(e)(2). Moreover, Plaintiff has failed to file any timely objections to the report and recommendation. Accordingly the case is ordered dismissed with prejudice pursuant to Fed. R. Civ. P. 12 (b)(6).

**IT IS SO ORDERED** on this 10th day of March, 2018.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE